[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION TO MODIFY
The defendant has filed a motion to modify the existing alimony order and the existing order regarding the payment of attorney's fees. The court finds that the defendant has proven that there has been a substantial change in circumstances in that his weekly income as shown on his financial affidavit is $1000. His net weekly income had been $1501.49.
Section 25-26 of the Connecticut Practice Book provides in part as follows:
(a) Upon an application for a modification of an award of alimony pendente lite, alimony or support of minor children, filed by a person who is then in arrears under the terms of such award, the judicial authority shall, upon hearing, ascertain whether such arrearage has accrued without sufficient excuse so as to constitute a contempt of court, and, in its discretion, may determine whether any modification of current alimony and support shall be ordered prior to the payment, in whole or in part as the judicial authority may order, of any arrearage found to exist.
The court finds that, as of April 18, 2002, the defendant owes the plaintiff ninety weeks of retroactive alimony at $200 per week for a total of $18,000. The court further finds that he owes interest on that amount, as of June 11, 2002, in the amount of $213.30. The court further finds that the arrearage owed by the defendant to the plaintiff on the $200 weekly alimony order that was entered, to begin March 11, 2002, is in the total amount of $2600 as of June 8, 2002. The court finds that these arrearages have accrued without sufficient excuse so as to constitute a contempt of court and the court, in its discretion, finds that any modification of current alimony is not to be effective prior to CT Page 12624 the payment of the $18,000 plus the $213.30 plus the $2600.
 ORDER
The alimony pendente lite order is reduced from $200 per week to $150 per week. The order for the payment of attorney's fees is reduced from $200 per week to $150 per week. The court does not modify the retroactive alimony order and does not modify the order that the defendant owes counsel fees in the total amount of $44,500 based on the original memorandum of decision of March 11, 2002. Further, the order for interest on the alimony pendente lite order and interest on the attorney' s fees order is not modified.
Axelrod, J.T.R. CT Page 12625